UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS CRUMP,
    Plaintiff,

v.
                                                                                         CIVIL ACTION NO. 16-12526-GAO

EXPRESSWAY MOTORS, INC.,
ET AL.,
    Defendants.

MEMORANDUM AND ORDER FOR DISMISSAL
April 14, 2017

O'TOOLE, D.J.

**I.    Introduction**

Plaintiff Thomas Crump filed this civil action alleging various violations of the U.S. Constitution, federal finance laws, and criminal statutes arising out of a loan to the plaintiff for the purchase of a vehicle. On January 18, 2017, this Court issued a Memorandum and Order (Docket No. 4) granting plaintiff leave to proceed *in forma pauperis* and directing him to file, by February 23, 2017, an Amended Complaint setting forth his claims in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, specifying the legal claims against each defendant and the underlying factual basis for each claim.

On January 25, 2017, plaintiff filed a Notice of Change of Address, and on February 23, 2017, he filed a document entitled "Amendment to Civ. Action No. 16-12526-GAO, Pursuant to Memo and Order Dated January 18, 2017" (Docket No. 7). In that document, which the Court

1

construes as his Amended Complaint, plaintiff seeks to withdraw claims against certain defendants, including Magna Finance Co., Inc., Weeks and Devonshire Insurance Co., and Safety Insurance. He also seeks to re-assert claims against defendant Expressway Motors, Inc. based on the allegations contained in the original Complaint, and against defendant Toyota Motor Credit Corp. based on an alleged conspiracy with Expressway Motors, Inc. by making available $37.000.00 in funds to him without the benefit of a loan application, and by "rubber-stamping" each other's predatory actions. Id. at § 3. Plaintiff alleges their actions violated his equal protection and due process rights.

**II.     Discussion**

Although this Court credits that plaintiff has made an attempt to set forth his claims, the Amended Complaint still materially fails to state plausible claims upon which relief may be granted. First, plaintiff fails to set forth understandable claims against defendant Expressway Motors, Inc. His mere reference to the allegations contained in the original Complaint are insufficient, particularly where the original Complaint failed to state plausible claims. Second, his claims of conspiracy are vague and overbroad, and are not supported by underlying facts. Third, plaintiff's claims of constitutional violations are not plausible because he has not alleged that the defendants' actions were made under color of law. Governmental action is a prerequisite for plausible civil rights claims. Fourth and finally, plaintiff has not set forth any underlying facts to state plausible claims in accordance with Rule 8 with respect to any violations of federal statutes identified in his original Complaint, nor has he shown any basis for a private right of

action under those federal statutes.

Because plaintiff has been given an opportunity to cure the defects in the original Complaint but has failed to do so, the Court finds no further opportunities to cure are warranted.

Accordingly, all claims against defendants Magna Finance Co., Inc., Weeks and Devonshire Insurance Co., and Safety Insurance are <u>WITHDRAWN</u> and this action is <u>DISMISSED</u> in its entirety, without prejudice, and this action shall be closed on the Court's dockets.

### III.    Conclusion

Based on the foregoing, it is hereby Ordered that this action is <u>DISMISSED</u> in its entirety.


SO ORDERED.

  <u>/s/ George A. O'Toole. Jr.</u><br>
  GEORGE A. O'TOOLE, JR.<br>
  UNITED STATES DISTRICT JUDGE